**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

| | |
|---|---|
| **DOROTHY VANCE, ANDREW VANCE,** | **PLAINTIFFS** |
| **AND NICOLE VANCE** | |
| | |
| **vs.** | **CAUSE NO. 5:13cv135-DCB-MTP** |
| | |
| **YAZOO COUNTY, MISSISSIPPI; SHERIFF JAKE** | |
| **SHERIFF, IN HIS INDIVIDUAL AND OFFICIAL** | |
| **CAPACITY AS SHERIFF OF YAZOO COUNTY,** | |
| **MISSISSIPPI; INVESTIGATOR TOMMY IRVINE,** | |
| **IN HIS INDIVIDUAL AND OFFICIAL CAPACITY** | |
| **AS AN EMPLOYEE OF YAZOO COUNTY,** | |
| **MISSISSIPPI; AND JOHN AND JANE DOES 1-5** | **DEFENDANTS** |

_____

**ANSWER AND DEFENSES OF DEFENDANTS**
_____

**NOW COME** Defendants, Yazoo County, Mississippi, Sheriff Jake Sheriff, in his individual and official capacities, and Investigator Tommy Irvine, in his individual and official capacities, by and through counsel, and file this, their Answer and Defenses to Plaintiffs' Complaint filed in the above styled and numbered cause, as follows:

**<u>FIRST DEFENSE</u>**

Defendants specifically assert and invoke all defenses available to them as set forth in FED. R. CIV. P. 12(b)(1) through 12(b)(7) for which a good faith legal and/or factual basis exists or may exist in their favor.

**<u>SECOND DEFENSE</u>**

Defendants affirmatively assert and invoke all substantive and procedural defenses available unto them for which a good faith legal and/or factual basis exists or may exist in their favor pursuant to MISS. CODE ANN. § 11-46-1 *et seq*., specifically including MISS. CODE ANN. §§ 11-46-5, 11-46-7, 11-46-9, 11-46-11, 11-46-13, 11-46-15, and 11-46-17 as to Plaintiffs' state law

claims, if any.  To the extent that Plaintiffs' Complaint, or any subsequently filed pleading, may seek a trial by jury on state law claims against Defendants, Yazoo County, Sheriff Sheriff and Investigator Irvine move this Court to strike any such jury demand on the basis that the same is prohibited by the aforesaid statutes.

## THIRD DEFENSE

Defendants possess absolute, sovereign and/or qualified immunity herein from suit and/or liability and/or damages.

## FOURTH DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## FIFTH DEFENSE

Defendants did not breach any duty owed to Plaintiffs, nor did they violate any right or privilege of Plaintiffs, and are, therefore, not liable in damages.

## SIXTH DEFENSE

Defendants, at all times complained of herein, acted in good faith and without malice, without reckless disregard, without injurious intent, without evil motive, without deliberate indifference, without any intent to cause harm, and Defendants are not guilty of tortious conduct or omission.  The actions taken by Defendants, if any, were taken in good faith and in good faith reliance upon then existing law.

## SEVENTH DEFENSE

The matters set forth in the Complaint herein do not rise to the level of a constitutional violation and such matters are improperly before this Court.

## EIGHTH DEFENSE

Defendants committed no act or omission which caused any injury, damage, or deprivation to the Plaintiffs and are, therefore, not liable in damages.

## NINTH DEFENSE

As a matter of law, the Plaintiffs are not entitled to any relief from Defendants.

## TENTH DEFENSE

Defendants hereby specifically plead that if the allegations of the Complaint are true in any respect, which is denied, Plaintiffs may be guilty of either contributory negligence or affirmative conduct in connection with the events about which they complain.  To the extent events that form the subject matter of Plaintiffs' Complaint and Plaintiffs' alleged damages, if any, were caused by the actions or omissions of Plaintiffs, any recovery by Plaintiffs, if any, must be reduced accordingly under principles of comparative fault.

## ELEVENTH DEFENSE

Alternatively, Plaintiffs' alleged injuries or harms were caused, unforeseeably, by persons, forces or entities for whom / which Defendants are neither liable nor responsible, such being efficient, intervening, superseding causes, breaking any alleged causative link to these Defendants.

## TWELFTH DEFENSE

**NOW COME** Yazoo County, Mississippi, Sheriff Jake Sheriff, in his individual and official capacities, and Investigator Tommy Irvine, in his individual and official capacities, by and through counsel, and state that unless specifically admitted herein, Defendants deny any and all allegations of the Complaint.

## THIRTEENTH DEFENSE

For answers to the allegations of the Complaint, Yazoo County, Mississippi, Sheriff Jake Sheriff, in his individual and official capacities, and Investigator Tommy Irvine, in his individual and official capacities, state:

## PARTIES

1.      Defendants are without sufficient information and/or belief to admit or deny the allegations in ¶ 1 of Plaintiffs' Complaint related to Plaintiffs' current residency, and accordingly deny said allegations.  Except where otherwise specifically admitted herein, the allegations in ¶ 1 of Plaintiffs' Complaint are denied.

2.      In response to ¶ 2 of Plaintiffs' Complaint, Defendants admit that Yazoo County is a governmental entity of the State of Mississippi and may be served with summons according to law.  Except where otherwise specifically admitted herein, the allegations in ¶ 2 of Plaintiffs' Complaint are denied.

3.      In response to ¶ 3 of Plaintiffs' Complaint, Defendants admit that Sheriff Jake Sheriff is the duly acting and elected Sheriff of Yazoo County, Mississippi and that he may be served with summons according to law.  Except where otherwise specifically admitted herein, the allegations in ¶ 3 of Plaintiffs' Complaint are denied.

4.      In response to ¶ 4 of Plaintiffs' Complaint, Defendants admit that Investigator Tommy Irvine was at all time material hereto an employee of Yazoo County, Mississippi and that he may be served with summons according to law.  Except where otherwise specifically admitted herein, the allegations in ¶ 4 of Plaintiffs' Complaint are denied.

5.      As Plaintiffs have not identified the unknown defendants, these Defendants are without specific information and/or belief to admit or deny their identities and/or whereabouts,

4

and accordingly deny said allegations in ¶ 5 of Plaintiffs' Complaint.  Except where otherwise specifically admitted herein, the allegations in ¶ 5 of Plaintiffs' Complaint are denied.

### JURISDICTION

6.      In response to ¶ 6 of Plaintiffs' Complaint, Defendants admit that federal question jurisdiction exists herein.  Except where otherwise specifically admitted herein, the allegations in ¶ 6 of Plaintiffs' Complaint are denied.

### VENUE

7.      In response to ¶ 7 of Plaintiffs' Complaint, Defendants admit that venue is proper with this Court.  Except where otherwise specifically admitted herein, the allegations in ¶ 7 of Plaintiffs' Complaint are denied.

### FACTS

8.      In response to ¶ 8 of Plaintiffs' Complaint, Defendants admit that on March 1, 2012, Irvine executed affidavits that Dorothy Vance and Andrew Vance did kill Arthur Vance, Sr. while engaged in a felony (kidnapping).   Except where otherwise specifically admitted herein, the allegations in ¶ 8 of Plaintiffs' Complaint are denied.

9.      The allegations of ¶ 9 of Plaintiffs' Complaint are denied.

10.      The allegations of ¶ 10 of Plaintiffs' Complaint are denied.

11.      In response to ¶ 11 of Plaintiffs' Complaint, Defendants admit Dorothy Vance, Andrew Vance and Nicole Vance were booked in at the Yazoo County Jail on February 29, 2012.  Except where otherwise specifically admitted herein, the allegations in ¶ 11 of Plaintiffs' Complaint are denied.

12.      The allegations of ¶ 12 of Plaintiffs' Complaint are denied.

13.      The allegations of ¶ 13 of Plaintiffs' Complaint are denied.

**COUNT I.      VIOLATION OF CONSTITUTIONAL RIGHTS**

14.      In response to ¶ 14 of Plaintiffs' Complaint, Defendants re-allege and restate herein the admissions and/or denials in ¶¶ 1-13 *supra*.

15.      To the extent that the allegations of ¶ 15 of Plaintiffs' Complaint call for a legal conclusion or do not contain allegations against Defendants, Defendants are not required to admit or deny said allegations.  To the extent that the allegations of ¶ 15 of Plaintiffs' Complaint do contain allegations against Defendants, same are denied.

16.      The allegations of ¶ 16 of Plaintiffs' Complaint are denied.

17.      The allegations of ¶ 17 of Plaintiffs' Complaint are denied.

18.      The allegations of ¶ 18 of Plaintiffs' Complaint are denied.

19.      The allegations of ¶ 19 of Plaintiffs' Complaint are denied.

20.      The allegations of ¶ 20 of Plaintiffs' Complaint are denied.

21.      The allegations of ¶ 21 of Plaintiffs' Complaint are denied.

22.      The allegations of ¶ 22 of Plaintiffs' Complaint are denied.

23.      The allegations of ¶ 23 of Plaintiffs' Complaint are denied.

24.      The allegations of ¶ 24 of Plaintiffs' Complaint are denied.

**COUNT II.    CONSTITUTIONAL FALSE ARREST, FALSE IMPRISONMENT, AND MALICIOUS PROSECUTION**

25.      In response to ¶ 25 of Plaintiffs' Complaint, Defendants re-allege and restate herein the admissions and/or denials in ¶¶ 1-24 *supra*.

26.      To the extent that the allegations of ¶ 26 of Plaintiffs' Complaint call for a legal conclusion or do not contain allegations against Defendants, Defendants are not required to admit or deny said allegations.  To the extent that the allegations of ¶ 26 of Plaintiffs' Complaint do contain allegations against Defendants, same are denied.

27.    The allegations of ¶ 27 of Plaintiffs' Complaint are denied.

28.    The allegations of ¶ 28 of Plaintiffs' Complaint are denied.

29.    The allegations of ¶ 29 of Plaintiffs' Complaint are denied.

30.    The allegations of ¶ 30 of Plaintiffs' Complaint are denied.

## <u>MISSISSIPPI STATE LAW CLAIMS</u>

**COUNT III.   MALICIOUS PROSECUTION AND ABUSE OF PROCESS**

31.    In response to ¶ 31 of Plaintiffs' Complaint, Defendants re-allege and restate herein the admissions and/or denials in ¶¶ 1-30 *supra*.

32.    The allegations of ¶ 32 of Plaintiffs' Complaint are denied.

33.    The allegations of ¶ 33 of Plaintiffs' Complaint are denied.

34.    The allegations of ¶ 34 of Plaintiffs' Complaint are denied.

**COUNT IV.   KIDNAPPING AND FALSE IMPRISONMENT**

35.    In response to ¶ 35 of Plaintiffs' Complaint, Defendants re-allege and restate herein the admissions and/or denials in ¶¶ 1-34 *supra*.

36.    The allegations of ¶ 36 of Plaintiffs' Complaint are denied.

37.    The allegations of ¶ 37 of Plaintiffs' Complaint are denied.

**COUNT V.   INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

38.    In response to ¶ 38 of Plaintiffs' Complaint, Defendants re-allege and restate herein the admissions and/or denials in ¶¶ 1-37 *supra*.

39.    The allegations of ¶ 39 of Plaintiffs' Complaint are denied.

40.    The allegations of ¶ 40 of Plaintiffs' Complaint are denied.

41.    The allegations of ¶ 41 of Plaintiffs' Complaint are denied.

**COUNT VI.   NEGLIGENT HIRING, TRAINING AND SUPERVISION**

42.     In response to ¶ 42 of Plaintiffs' Complaint, Defendants re-allege and restate herein the admissions and/or denials in ¶¶ 1-41 *supra*.

43.     The allegations of ¶ 43 of Plaintiffs' Complaint are denied.

44.     The allegations of ¶ 44 of Plaintiffs' Complaint are denied.

45.     The allegations of ¶ 45 of Plaintiffs' Complaint are denied.

46.     The allegations of ¶ 46 of Plaintiffs' Complaint are denied.

**COUNT VII.  GENERAL NEGLIGENCE**

47.     In response to ¶ 47 of Plaintiffs' Complaint, Defendants re-allege and restate herein the admissions and/or denials in ¶¶ 1-46 *supra*.

48.     The allegations of ¶ 48 of Plaintiffs' Complaint are denied.

49.     The allegations of ¶ 49 of Plaintiffs' Complaint are denied.

## DAMAGES

50.     The allegations of ¶ 50 of Plaintiffs' Complaint, including but not limited to subsections (a) through (h), are denied.  Defendants specifically deny that Plaintiffs are entitled to judgment against them, or that they are liable or indebted to Plaintiffs in the amount sued for or in any amount whatsoever or for damages of any type, specifically including punitive, compensatory, incidental and consequential damages and/or actual in nature, or of any kind or quantum whatsoever.

51.     The allegations of ¶ 51 of Plaintiffs' Complaint are denied.   Defendants specifically deny that Plaintiffs are entitled to judgment against them, or that they are liable or indebted to Plaintiffs in the amount sued for or in any amount whatsoever or for damages of any

type, specifically including punitive, compensatory, incidental and consequential damages and/or actual in nature, or of any kind or quantum whatsoever.

## ATTORNEY'S FEES

52.     The allegations of ¶ 52 of Plaintiffs' Complaint are denied.

53.     Defendants deny any and all allegations in the last unnumbered paragraph of Plaintiffs' Complaint, beginning with the phrase "WHEREFORE, PREMISES CONSIDERED." Defendants specifically deny that Plaintiffs are entitled to judgment against them, or that they are liable or indebted to Plaintiffs in the amount sued for or in any amount whatsoever or for damages of any type, specifically including punitive, compensatory, incidental and consequential damages and/or actual in nature, or of any kind or quantum whatsoever.  Defendants deny that Plaintiffs are entitled to attorneys' fees, interest and costs and would affirmatively show that Plaintiffs have no legal right under state law to any award of punitive damages whatsoever, nor are such damages justified factually in this case.

**AND NOW**, having fully addressed the specific paragraphs in the Plaintiffs' Complaint, and having denied any and all liability herein, Yazoo County, Mississippi, Sheriff Jake Sheriff, in his individual and official capacities, and Investigator Tommy Irvine, in his individual and official capacities, set forth the following Special Affirmative Matters:

## FIRST AFFIRMATIVE DEFENSE

Individually, Sheriff Jake Sheriff and Investigator Tommy Irvine are entitled to qualified immunity and/or absolute immunity from suit and/or liability herein.

## SECOND AFFIRMATIVE DEFENSE

Defendants are entitled to, and hereby assert all rights, privileges, and immunities otherwise available to a governmental or state actor.

### THIRD AFFIRMATIVE DEFENSE

To the extent Plaintiffs' Complaint purports to state a claim actionable under the procedural vehicle of 42 U.S.C. § 1983 and/or the MTCA, Plaintiffs' Complaint fails to state a claim upon which relief can be granted against Defendants and should be dismissed with prejudice.

### FOURTH AFFIRMATIVE DEFENSE

At all times, Defendants acted in good faith reliance upon then existent law and are, therefore, entitled to immunity or a special good faith defense.

### FIFTH AFFIRMATIVE DEFENSE

Defendants, at all times complained of, acted in good faith, without malice, without reckless disregard, without deliberate indifference, without retaliatory motive, without injurious intent, without evil motive, and in compliance with the applicable legal standards, and are guilty of no wrongful or tortious conduct.

### SIXTH AFFIRMATIVE DEFENSE

Defendants possess immunity to Plaintiffs herein and specifically assert all rights, defenses, privileges, and immunities available to them under applicable state and federal law. Defendants invoke and assert all rights, privileges and immunities available to them as set forth in the United States Constitution and/or Mississippi Constitution and supporting / interpretive federal or state common law.

### SEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs' Complaint, with amendments purports to state a cause of action against Defendants based upon any state law theory, Defendants possess sovereign immunity pursuant to and as set forth in MISS. CODE ANN. § 11-46-1 *et seq.* by virtue of the performance of

an inherently governmental and public function for which immunity has been recognized, historically, at common law.

## EIGHTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs' Complaint seeks any award or assessment of punitive damages against Defendants, such award would be contrary to law, and would violate the Fifth, Eighth and Fourteenth Amendments to the United States Constitution.  Further, and more specifically, awarding and/or assessment of punitive damages would violate Article 3, § 28 of the Constitution of the State of Mississippi, as well as the Eighth Amendment to the Constitution of the United States, both of which prohibit the imposition of excessive fines.

Further, awarding and/or assessment of punitive damages would violate the Fifth and Fourteenth Amendments to the United States Constitution and/or Article 3, § 14 of the Mississippi Constitution, all of which guarantee unto the citizenry due process of law.

Additionally, Plaintiffs' claim for punitive damages of, from or against Defendants is barred by MISS. CODE ANN. § 11-46-15, and/or federal common law.

Also, standards, procedures, and criteria utilized in the judicial decisional process with regard to the awarding and/or assessment of punitive damages are impermissibly vague, arbitrary, and inconsistent, and are therefore, void and otherwise contrary to the principles established by the United States Constitution and Mississippi Constitution.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs suffered no loss or deprivation of any rights, privileges, or immunities afforded them by the United States Constitution or applicable federal or state law.

## TENTH AFFIRMATIVE DEFENSE

Any damage, loss or deprivation to Plaintiffs, if any, was not proximately caused by any official policy, practice or custom of Yazoo County, Mississippi and/or Sheriff Jake Sheriff. Plaintiffs' alleged loss, damage or deprivation was not the proximate result of the execution of any official governmental policy, custom or practice attributable to these Defendants, in their official capacity, or to their employer.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendants would show that the factual allegations of Plaintiffs' Complaint, and the conduct complained of therein, do not violate any clearly established statutory or constitutional rights of Plaintiffs, determined by the standard of objective reasonableness measured by reference to clearly established law.  Further, Defendants are not guilty of any deliberate abuse of inherently governmental power, but rather, had probable cause and lawful penological justification for all actions undertaken by them.

## TWELFTH AFFIRMATIVE DEFENSE

No action or inaction on the part of Defendants, if any, proximately caused any harm, loss or deprivation to any of the Plaintiffs. At all times complained of, Defendants acted both reasonably and prudently and in the exercise of legitimate and lawful justification.  Further, Defendants' conduct, if any, performed in good faith, did not violate clearly established rights of which a reasonable person would have known so as to be cognizable under 42 U.S.C. § 1983. Plaintiffs suffered no injury and their allegations do not arise to the level of a constitutional tort.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendants fulfilled any and all legal duties owed by them, if any, to Plaintiffs.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to comply with the requirements of the Mississippi Tort Reform Act and Mississippi Civil Justice Reform Act, as codified, and accordingly, this action must be dismissed.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendants complied with all applicable standards of care.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are guilty of comparative fault and Plaintiffs' recovery must be limited accordingly.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendants invoke and assert all protections, defenses, limitations, caps and immunities set forth in the Mississippi Tort Claims Act and the Mississippi Tort Reform Act, as codified in the Mississippi Code.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to plead and hereby specifically assert, to the extent applicable and justified pursuant to the facts of this case, the affirmative defenses of contributory negligence, discharge in bankruptcy, estoppel, release, res judicata, statute of limitations and waiver.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged damages, losses and/or injuries, if any, are the proximate result of their own actions and/or omissions, or those of other persons for whom Defendants are neither liable nor responsible.  Plaintiffs' recovery should be barred or alternatively, reduced under principles

of comparative fault. Further, Defendants affirmatively assert and invoke all defenses and rights available to them as set forth in MISS. CODE ANN. § 85-5-7 and § 11-1-65.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint fails to specifically and/or appropriately plead that they are entitled to relief against Defendants, pursuant to FED. R. CIV. P. 8, and accordingly, their claims should be dismissed.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Defendants are entitled to sovereign immunity from all state law claims pursuant to the exemptions from the waiver of sovereign immunity as codified in MISS. CODE ANN. § 11-46-9.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiffs have no right to trial by jury on any state law claims against Defendants.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Defendants affirmatively assert and invoke all defenses and rights available unto them as set forth in MISS. CODE ANN. § 85-5-7, and affirmatively state that they cannot be held liable herein for damages under principles of agency or *respondeat superior* for the actions or omissions of any other party or non-party herein and are entitled to apportionment as provided by law.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Defendants hereby invoke and assert all privileges and immunities afforded them under both federal and state constitutions, statutory law and common law.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs seek any form of injunctive relief, if any, Plaintiffs have not established the requisite basis or threshold, inclusive of any immediate and/or irreparable harm, so as to support or warrant the issuance of any form of injunctive relief.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Defendants are not guilty of conduct amounting to deliberate indifference to the rights of Plaintiffs.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims are barred by the applicable statute of limitations, including but not limited to, the one year statute of limitations pursuant to MISS. CODE ANN. § 15-1-35, entitled "Actions for Certain Torts," and / or § 11-46-11.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Defendants have no liability to the Plaintiffs herein pursuant to 42 U.S.C. § 1988 as Plaintiffs are not possessed of a cognizable claim pursuant to 42 U.S.C. § 1983.  Defendants, however, are entitled to attorneys' fees herein, pursuant to 42 U.S.C. § 1988 or otherwise, as Plaintiffs' claims are unreasonable, groundless and in brought before this Court in bad faith. Defendants, further, are entitled to these fees in order to deter harassing litigation such as that asserted by Plaintiffs herein.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs claims are barred by the learned intermediary doctrine.

**WHEREFORE, PREMISES CONSIDERED,** Defendants, Yazoo County, Mississippi, Sheriff Jake Sheriff, in his individual and official capacities, and Investigator Tommy Irvine, in his individual and official capacities, request that Plaintiffs' Complaint and this civil action be

dismissed with prejudice, with all costs and reasonable attorneys' fees assessed against Plaintiffs, together with such other relief as this Court deems proper.

**RESPECTFULLY SUBMITTED,** this 30th day of December, 2013.

> **YAZOO COUNTY, MISSISSIPPI, SHERIFF JAKE SHERIFF, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES, AND INVESTIGATOR TOMMY IRVINE, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES –** DEFENDANTS

> **BY:**   _/s/  Jason E. Dare_
> **JASON E. DARE**

**OF COUNSEL**

J. Lawson Hester (MSB No. 2394)
lhester@wyattfirm.com
Jason E. Dare (MSB No. 100973)
jdare@wyattfirm.com
WYATT, TARRANT & COMBS, LLP
Post Office Box 16089
Jackson, Mississippi  39236-6089
Telephone:      (601) 987-5300
Facsimile:      (601) 987-5353

## <u>CERTIFICATE OF SERVICE</u>

I, JASON E. DARE, hereby certify that on this day, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent a true of and correct copy of the pleading to the following:

Arthur Randall Harris, Esq. (rharris51043@yahoo.com)
P.O. Box 2332
Madison, MS 39130

Clarence T. Guthrie , III, Esq. (clarence@guthriefirm.com)
THE GUTHRIE FIRM PLLC
350 Arbor Drive, Suite D
Ridgeland, MS 39157-4810

**THIS,** the 30th day of December, 2013.

 /s/  Jason E. Dare

**JASON E. DARE**